EASTERN DIS.
*February*, 1833.

EXECUTORS OF
HART
*vs.*
SCHMIDT,
ATTORNEY &c.

The same judgment which has been rendered against the possessor of property for rents accruing after judgment of eviction from the premises, will be rendered against his vendor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

───────────

EXECUTORS OF HART *vs.* SCHMIDT, ATTORNEY, &c.

APPEAL FROM THE COURT OF UOURT OF PROBAPES FOR THE PARISH OF NEW-ORLEANS.

Where three executors were appointed with joint and several powers in relation to the settlement and liquidation, and when that should be effected, they were to account to and place the funds of the estate in the possession of one of their number; held that to carry into effect the intentions of the testator thus expressed, a sale of the property was indispensable.

This action was brought by the executors of Samuel Hart, deceased, against the attorney for the absent heirs, to obtain a sale of the real estate of the succession; which sale the plaintiffs averred, was necessary for the execution of the will. The clauses of the will relied on are recited at length in the statement of facts in the case of the same plaintiffs *vs.* Boni, f. w- c. *ante*, 97

EASTERN DIS.
*February*, 1834.

EXECUTORS OF
HART
*vs.*
SCHMIDT.
ATTORNEY &c.

The defendant denied the allegations of the petition.

The judge *a quo* ordered the sale. The defendant appealed.

*Schmidt,* for defendant and appellant.

1. The executors are not authorised to sue as required. *C. Code, art.* 1661, 1662.

2. The functions of the executors having expired, they have nothing further to do with the estate, unless continued in them, which can only be done by an order of the court and upon giving security. *Art.* 1667.

*Peirce, contra.*

MATHEWS, J., delivered the opinion of the court.

This is an appeal from an order of the court below authorising the executors to sell the property belonging to the succession of the testator.

The will does not expressly give to them authority to sell, but it contains provisions relating to the management of the estate of the deceased, which in our opinion requires the sale of the property. Three executors were appointed by the testator with joint and several powers in relation to the settlement and liquidation of the succession; and when that should be finished they were to account and to place the funds of the estate in the possession of one of their number; to carry into effect the intentions of the deceased thus expressed, a sale of the property appears to be indispensable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed.

When three executors were appointed with joint and several powers, in relation to the settlement and liquidation, and when that should be effected, they were to account to and place the funds of the estate in the possession of one of their number; held that to carry into effect the intentions of the testator thus expressed, a sale of the property was indispensable